Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

FILED
Clerk
District Court

SEP 20 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Defendant David Hutton, individually and in his personal capacity

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAREN LYNWOOD SEVERY ) | CIVIL ACTION NO. 05-0020 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS, OFFICE OF THE ) | **ANSWER** |
| ATTORNEY GENERAL; DAVID HUTTON ) | |
| individually and in his capacity as a ) | |
| supervisory employee of the Office of the ) | |
| Attorney General and the Commonwealth of ) | |
| Northern Mariana Islands; and DOES 1 - 10, ) | |
| inclusive ) | |
| ) | |
| Defendants ) | |

Comes now David W. Hutton, individually and in his official capacity, who responds to the complaint as follows:

1. Hutton admits ¶¶ 5, 6, 8, 9, 10, 13, 49, 64, 74, 75, 79, 90, 91, 94, 106, and 108.

2. Hutton denies ¶¶ 1, 19, 20, 21, 22, 23, 33, 42, 47, 53, 61, 65, 70, 72, 80, 82, 83, 84, 86, 87, 88, 92, 93, 99, 1000, 105, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 134, 135, 136, and 137.

3. In response to ¶ 2, Hutton denies that discriminated against plaintiff on the basis of her gender.

4. In response to ¶ 3, Hutton denies that deprived plaintiff of any right secured by the United States Constitution.

5. In response to ¶ 4, Hutton denies diversity jurisdiction exists on grounds that the complaint involves a civil action exceeding $50,000.00.

6. In response to ¶ 7, Hutton lacks knowledge regarding plaintiff's citizenship and therefore denies her claim of being a citizen of the District of Columbia.

7. In response to ¶ 11, Hutton denies that he is a citizen of Louisiana, and that he was consulted on the hiring and firing of plaintiff.

8. In response to ¶ 12, Hutton admits only that in his capacity as Chief of the Criminal Division he exercised the actual authority given to him by the Attorney General or the Deputy Attorney General. Hutton denies all other allegations contained in ¶ 12.

9. In response to ¶ 14, Hutton lacks knowledge of the allegations contained in the paragraph and accordingly denies ¶ 14.

10. In response to ¶ 15, Hutton lacks knowledge of the allegations contained in the paragraph and accordingly denies ¶ 15.

11. In response to ¶ 16, Hutton lacks knowledge of the allegations contained in the paragraph and accordingly denies ¶ 16.

12. In response to ¶ 17, Hutton realleges and incorporates his responses to ¶¶ 1 - 16.

13. In response to ¶ 18, Hutton lacks knowledge as to whether plaintiff served as a member of the CNMI /DEA Interagency Financial Crimes and Drug Enforcement Task until her

termination in June, 2004 and accordingly denies that allegation. Hutton denies that plaintiff's termination was untimely.

14. In response to ¶ 24, Hutton admits only that he is a former resident of New Orleans, Louisiana and that he attended a seminar with plaintiff in New Orleans in October, 2003. Hutton denies all other allegations contained in ¶ 24.

15. In response to ¶ 25, Hutton admits only that plaintiff returned to her room that evening. Hutton denies all other allegations contained in ¶ 25.

16. In response to ¶ 26, Hutton admits only that he called plaintiff the next morning to coordinate a ride to the seminar. Hutton denies all other allegations contained in ¶ 26.

17. In response to ¶ 27, Hutton admits only that nothing inappropriate happened the previous night. Hutton denies all other allegations contained in ¶ 27.

18. In response to ¶ 28, Hutton admits only that an "incident" did not occur the previous night. Hutton denies all other allegations contained in ¶ 28.

19. In response to ¶ 29, Hutton admits only that he did not return to the Commonwealth immediately after conclusion of the seminar. Hutton denies all other allegations contained in ¶ 29.

20. In response to ¶ 30, Hutton admits only that he always treated plaintiff as a respected colleague. Hutton also admits that during the course of plaintiff's assignment at the criminal division and as plaintiff's supervisor he may have yelled at plaintiff and questioned her judgment. Hutton denies all other allegations contained in ¶ 30.

21. In response to ¶ 31, Hutton admits only that plaintiff requested him to serve as co-counsel in the *Shimabukuro* trial. Hutton denies all other allegations contained in ¶ 31.

22. In response to ¶ 32, Hutton denies he made sexual advances toward plaintiff, that he made inappropriate telephone calls to plaintiff, that he made inappropriate physical contact with plaintiff, that he confided in plaintiff about his sexual liaisons using sexual explicit language, related to plaintiff tales of his conquests and sexual adventures or that he sought plaintiff's advice on matters of a sexual nature.

23. In response to ¶ 34, Hutton admits only that he carried a firearm. Hutton denies all other allegations contained in ¶ 34.

24. In response to ¶ 35, Hutton admits only that he and plaintiff made a joint decision to dismiss the charges against Wayne Shimabukuro but not Melody Shimabukuro and that he approved a media interview by Severy. Hutton denies all other allegations contained in ¶ 35.

25. In response to ¶ 36, Hutton lacks knowledge of any conversation between plaintiff and a federal prosecutor and accordingly denies the allegations contained in the first sentence of ¶ 36. Hutton also denies the allegations in the second and third sentences of ¶ 36.

26. In response to ¶ 37, Hutton admits only that plaintiff requested authorization to attend the seminar in Williamsburg, Virginia and that plaintiff was eager to attend the seminar. Hutton denies all other allegations contained in ¶ 37.

27. In response to ¶ 38, Hutton admits only that plaintiff repeatedly asked him about confirmation of the Williamsburg, Virginia seminar. Hutton denies all other allegations contained in ¶ 38 specifically the allegation that he engaged in harassment in New Orleans.

28. In response to ¶ 39, Hutton denies that he assured plaintiff that the trip was definite.

Hutton lacks knowledge concerning the other allegations contained in ¶ 39 and accordingly denies all other allegations in the ¶ 39.

29. In response to ¶ 40, Hutton admits only that plaintiff met with Pam Brown on or about February 13, 2004. Hutton lacks knowledge as to the substance of the conversation and therefore denies all other allegations contained in ¶ 40. Hutton also denies the insinuations in ¶ 40, that he made sexual advances toward plaintiff and that he engaged in inappropriate conduct toward plaintiff.

30. In response to ¶ 41, Hutton admits only that plaintiff met with Pam Brown on or about March 2, 2004. Hutton denies that he engaged in any conduct toward plaintiff which justified or warranted his being relieved of his supervisory responsibilities or otherwise disciplined. Hutton lacks knowledge concerning the other allegations contained in ¶ 41 and therefore denies all other allegations in the paragraph.

31. In response to ¶ 43, Hutton denies that he abused females, that he had mental problems, , that he needed counseling or that he touched a staff attorney with the Public Defender's Office in a sexually inappropriate manner.

32. In response to ¶ 44, Hutton denies that he misused his firearm. Hutton lacks knowledge as to the other allegations contained in ¶ 44 and therefore denies all other allegations in ¶ 44.

33. In response to ¶ 45, Hutton lacks knowledge of any promised salary increase to plaintiff and therefore denies ¶ 45.

34. In response to ¶ 46, Hutton admits that upon instruction from the Attorney General , he issued a memorandum reassigning plaintiff . Hutton denies the reason for the reassignment were pretextual.

35. In response to ¶ 48, Hutton denies that he agreed to withdraw and destroy the reassignment memo. Hutton also denies that he spoke with plaintiff about her relationship with her husband, that he prevented plaintiff from leaving his office and that he physically accosted plaintiff. Hutton lacks knowledge as to what plaintiff did after she left his office and therefore denies the last sentence of ¶ 48.

36. In response to ¶ 50, Hutton denies that he questioned the wisdom of plaintiff being selected to attend the conference.

37. In response to ¶ 51, Hutton admits only that during his tenure as chief of the criminal division, he would assigned subordinates, including plaintiff, to handle preliminary hearings and other court matters on shorten notice. Hutton does not recall the specific event alleged in ¶ 51 and therefore denies the allegations in ¶ 51.

38. In response to ¶ 52, Hutton admits only that during his tenure as chief of the criminal division, he would assigned subordinates, including plaintiff, to handle preliminary hearings and other court matters on shorten notice. Hutton does not recall the specific event alleged in ¶ 52 and therefore denies the allegations in ¶ 52.

39. In response to ¶ 54, Hutton denies that he harassed plaintiff. Hutton also denies that he was the cause of any ailment, mental or physical, if any, that plaintiff suffered.

40. In response to ¶ 55, Hutton lacks knowledge concerning the conversations alleged in ¶ 55 and therefore denies ¶ 55.

41. In response to ¶ 56, Hutton lacks knowledge concerning the conversations alleged in ¶ 56 and therefore denies ¶ 56.

42. In response to ¶ 57, Hutton lacks knowledge concerning the events alleged in ¶ 57 and

therefore denies ¶ 57.

43. In response to ¶ 58, Hutton lacks knowledge concerning the conversations alleged in ¶ 58 and therefore denies ¶ 58.

44. In response to ¶ 59, Hutton denies that a hostile work environment existed at the criminal division.

45. In response to ¶ 60, Hutton denies that he made sexual advances toward plaintiff. Hutton also denies that he requested anyone to take retaliatory action of any kind against plaintiff.

46. In response to ¶ 62, Hutton lacks knowledge concerning the events alleged in ¶ 62 and therefore denies ¶ 62.

47. In response to ¶ 63, Hutton denies that he treated female employees improperly. Hutton also denies that he had a propensity to treat female employees improperly.

48. In response to ¶ 66, Hutton admits only that plaintiff and her husband requested the Attorney General Office to revoke his authorization to carry a firearm and gave fabricated reasons to support the request. Hutton denies all other allegations contained in ¶ 66.

49. In response to ¶ 67, Hutton admits only that his firearm authorization was not revoked and that he never engaged in any conduct which would justify revocation of his firearm authorization. Hutton denies all other allegations contained in ¶ 67.

50. In response to ¶ 68, Hutton admits only that at times OPM investigates a complaint of employment discrimination. Hutton denies all other allegations contained in ¶ 68.

51. In response to ¶ 69, Hutton admits only that at times OPM investigates a complaint of employment misconduct. Hutton denies all other allegations contained in ¶ 69

52. In response to ¶ 71, Hutton admits only that Ed Buckingham was assigned to participate in and handle the investigation. Hutton denies all other allegations contained in ¶ 71.

53. In response to ¶ 73, Hutton admits only that plaintiff requested administrative leave. Hutton denies all other allegations contained in ¶ 73.

54. In response to ¶ 76, Hutton admits only that plaintiff paid her own repatriation expenses. Hutton denies all other allegations contained in ¶ 76.

77. In response to ¶ 77, Hutton admits only that plaintiff filed an EEOC charge. Hutton lacks knowledge concerning the other allegations contained in ¶ 77 and therefore denies all other allegations contained in ¶ 77.

78. In response to ¶ 78, Hutton admits only that the EEOC issued a right to sue notice dated March 31, 2005 a copy of which is attached to the complaint. Hutton denies all other allegations contained in ¶ 78.

79. In response to ¶ 81, Hutton realleges and incorporates his responses to ¶¶ 1 - 80.

80. In response to ¶ 85, Hutton denies that he made any sexual advances toward plaintiff. Moreover, Hutton would not have made any sexual advances toward plaintiff even if she had been of a different gender.

81. In response to ¶ 89, Hutton realleges and incorporates his responses to ¶¶ 1 - 88.

82. In response to ¶ 95, Hutton states only that any adverse action experienced by plaintiff, if any, was not related to any complaints about Hutton.

83. In response to ¶ 96, Hutton realleges and incorporates his responses to ¶¶ 1 - 95.

84. In response to ¶ 97, Hutton denies that § 1983 applies to all deprivations of a right, privilege, or immunity secured by the U.S. Constitution or federal law.

85. In response to ¶ 97, Hutton denies that al sexual harassment and sexual discrimination in public employment constitutes a violation of rights secured by the 14th Amendment's equal protection and CNMI Constitution Article I § 6.

86. In response to ¶ 101, Hutton denies that he caused plaintiff to suffer the deprivation of any federal right.

87. In response to ¶ 102. Hutton denies that inappropriately treated female subordinates and other subordinate attorneys and accordingly denies all allegations contained in ¶ 102.

88. In response to ¶ 104, Hutton realleges and incorporates his responses to ¶¶ 1 - 103.

89. In response to ¶ 105, Hutton admits only that plaintiff had an employment contract with the CNMI. Hutton denies all other allegations contained in ¶ 105.

90. In response to ¶ 107, Hutton denies that he promised plaintiff a salary increase and he lacks knowledge of anyone else promising plaintiff a salary increase. Accordingly, Hutton denies ¶ 107.

91. In response to ¶ 109, Hutton admits only that plaintiff was entitled to repatriation benefits only under certain conditions. Hutton denies all other allegations contained in ¶ 109.

92. In response to ¶ 119, Hutton realleges and incorporates his responses to ¶¶ 1 - 118.

93. In response to ¶ 126, Hutton realleges and incorporates his responses to ¶¶ 1 - 125.

94. In response to ¶ 131, Hutton realleges and incorporates his responses to ¶¶ 1 - 130.

95. In response to ¶ 132, Hutton admits only that plaintiff was employed pursuant to an employment contract. Hutton denies all other allegations contained in ¶ 132.

96. In response to ¶ 133, Hutton admits only that plaintiff was employed pursuant to an employment contract and he was aware of the contract. Hutton denies all other

allegations contained in ¶ 133.

AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for relief against Hutton in his official capacity.

2. The complaint fails to state a claim for relief against Hutton in his personal capacity.

3. Hutton is entitled to Qualified Immunity.

4. Title VII is the exclusive remedy for the allegations of sexual discrimination and sexual harassment.

5. Plaintiff's contract is ultra vires.

6. Hutton's actions, if any, in connection with plaintiff's termination were privileged.

WHEREFORE, Hutton prays for relief as follows:

1. Plaintiff take nothing by her complaint;

2. The court award Hutton cost of suit including reasonable attorney fees; and

3. Such other and further relief as the court deems just and proper.

Dated this 20th day of September, 2005.

Law Office of G. Anthony Long

By_____
G. Anthony Long