CIVILLE & TANG
2nd Floor, Cabrera Center
PMB 86, P.O. Box 10003
Saipan, MP 96950-8908
Telephone: (670 235-1725
Facsimile: (670) 235-1726

*Attorneys for Defendants*
*Commonwealth of the Northern Mariana Islands and*
*Office of the Attorney General*

FILED
Clerk
District Court

SEP 2 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAREN LINWOOD SEVERY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, OFFICE OF THE ATTORNEY GENERAL, DAVID W. HUTTON, individually and in his capacity as a supervisory employee of the Office of the Attorney General and the Commonwealth of the Northern Mariana Islands; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CIVIL ACTION NO. 05-0020<br><br>**ANSWER TO COMPLAINT** |

Defendants Commonwealth of the Northern Mariana Islands and Office of the Attorney General (hereinafter collective "CNMI Defendants"), hereby answer Plaintiff's Complaint as follows:

### FIRST DEFENSE
*Failure to State*

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

1

**SECOND DEFENSE**
*Admissions and Denials*

### I. INTRODUCTION

1. The allegations contained in paragraph 1 of the Complaint are denied.

2. The allegations contained in paragraph 2 of the Complaint are denied.

3. The allegations contained in paragraph 3 of the Complaint are denied.

### II. JURISDICTION

4. The allegations contained in paragraph 4 of the Complaint alleging subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 20000e-5 are admitted only as to the First Claim, Second Claim and Third Claim and denied as to the Fourth, Fifth, Sixth and Seventh Claims in the Complaint. The allegations in paragraph 4 of the complaint alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity are denied.

5. The allegations contained in paragraph 5 of the Complaint are denied, and Answering Defendants affirmatively deny that the Court has subject matter jurisdiction over the state law claims.

6. The allegations contained in paragraph 6 of the Complaint are admitted.

### III. PARTIES

7. The CNMI Defendants do not possess sufficient information or knowledge to form a belief as to the truthfulness of the allegations in paragraph 7 of the Complaint and, therefore, those allegations are denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are denied, except that it is admitted that the Commonwealth of the Northern Mariana Islands employs more than 500 individuals.

10. With respect to the allegations in paragraph 10 of the Complaint, it is admitted that

1  Pamela Brown was the Attorney General at the times referenced in the complaint, and that she
2  possesses the powers of the Attorney General when acting in her official capacity. The recitation
3  of specific powers are incomplete, inaccurate of vaguely worded and those allegations are denied.
4  　　　11.　With respect to the allegations in paragraph 11 of the Complaint, it is admitted that
5  David Hutton was the Chief Prosecutor in the Office of the Attorney General, and that when
6  acting in his official capacity, had the powers common to the office. The recitation of specific
7  powers are incomplete, inaccurate of vaguely worded and those allegations are denied.
8  　　　12.　The allegations contained in paragraph 12 of the Complaint are denied.
9  　　　13.　The allegations contained in paragraph 13 of the Complaint are denied.
10 　　　14.　CNMI Defendants do not possess sufficient information or knowledge to form a
11 belief as to the truthfulness of the allegations in paragraph 14 of the Complaint and, therefore,
12 those allegations are denied.
13 　　　15.　The allegations contained in paragraph 15 of the Complaint are denied.
14 　　　16.　The allegations contained in paragraph 16 of the Complaint are denied.

## IV.  FACTUAL ALLEGATIONS

16 　　　17.　CNMI Defendants incorporate by reference their answers to the allegations in
17 paragraphs 1 through 16 as though fully set forth herein.
18 　　　18.　With respect to the allegations in paragraph 18 of the Complaint, the
19 Commonwealth defendants admit that the Attorney General's Office was the recipient of a Byrne
20 Grant and that plaintiff served as an assistant attorney general under a two year contract, and that
21 plaintiff was at one time a member of the CNMI/DEA Interagency Financial Crimes and Drug
22 Task Force. All other allegations in paragraph 18 are denied.
23 　　　19.　The allegations contained in paragraph 19 of the Complaint are denied.
24 　　　20.　The allegations contained in paragraph 20 of the Complaint are denied.
25 　　　21.　The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied, except for the allegation that plaintiff and defendant Hutton attended a conference in New Orleans together, which is admitted.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied, except that it is admitted that plaintiff did not complain to the CNMI defendants about Hutton's alleged misconduct.

29. The allegations contained in paragraph 29 of the Complaint are denied, except that it is admitted that plaintiff returned to work after the New Orleans seminar.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied, except that it is admitted that Hutton served as co-counsel with plaintiff on a drug case.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied, except it is admitted that made a decision to dismiss a drug prosecution.

36. The allegations contained in paragraph 36 of the Complaint are denied, except for the first sentence which is denied based on lack of information.

37. The allegations contained in paragraph 37 of the Complaint are denied, except that it is admitted that Hutton offered plaintiff a opportunity to attend a seminar in Virginia.

1   38. The allegations contained in paragraph 38 of the Complaint are denied.

2   39. The allegations contained in paragraph 39 of the Complaint are denied.

3   40. The allegations contained in paragraph 40 of the Complaint are denied, except that it is admitted that plaintiff met with Attorney General Brown on or about February 13, 2004 and voiced certain complaints about the manner in which the prosecution division was being operated. It is specifically denied that plaintiff made voiced any concerns regarding Hutton's alleged "neediness and increasing requests for physical contact."

8   41. The allegations contained in paragraph 41 of the Complaint are denied, except it is admitted that plaintiff may have met with Attorney General Brown on or about March 2, 2004 and that Brown discussed with the plaintiff the fact that other employees were having difficulty working with plaintiff.

12  42. The allegations contained in paragraph 42 of the Complaint are denied.

13  43. The allegations contained in paragraph 43 of the Complaint are denied.

14  44. The allegations contained in paragraph 44 of the Complaint are denied.

15  45. The allegations contained in paragraph 45 of the Complaint are denied.

16  46. The allegations contained in paragraph 46 of the Complaint are denied, except that it is admitted that plaintiff was relieved of certain duties and reassigned others.

18  47. The allegations contained in paragraph 47 of the Complaint are denied.

19  48. The allegations contained in paragraph 48 of the Complaint are denied.

20  49. The allegations contained in paragraph 49 of the Complaint are admitted, except for the last sentence as to which it is only admitted that Mr. Lemons recommended that plaintiff attend the conference.

23  50. The allegations contained in paragraph 50 of the Complaint are denied.

24  51. The allegations contained in paragraph 51 of the Complaint are denied, except that it is admitted that attorneys in the criminal division were sometimes required to cover hearings on

short notice.

52. The allegations contained in paragraph 52 of the Complaint are denied, except that it is admitted that attorneys in the criminal division were sometimes required to cover hearings on short notice.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied, except that it is admitted that plaintiff talked to Clyde Lemons, that plaintiff asked Lemons if the Attorney General's Office would waive the requirement that she reimburse the Commonwealth expatriation expenses in the event she quit prior to her one year anniversary, and that she was advised that she would be liable for the reimbursement of these expenses if she quit.

56. The allegations contained in paragraph 56 of the Complaint are denied, except that it is admitted that plaintiff advised Clyde Lemons and Ben Sachs of her plans to file discrimination charges.

57. The allegations contained in paragraph 57 of the Complaint are denied.

58. The allegations contained in paragraph 58 of the Complaint are denied, except that it is admitted that Attorney General Brown questioned whether the trip was a pretext for a scuba diving trip and that plaintiff's frequent trips were causing scheduling problems.

59. The first sentence of paragraph 59 of the Complaint is admitted. As to the second sentence, it is only admitted that repatriation expenses would be borne as required by plaintiff's contract with the Commonwealth. The last sentence is denied.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. The first sentence of paragraph 64 of the Complaint is admitted. The second sentence is denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint are denied, except that it is admitted that plaintiff sent the Attorney General a letter containing allegations against Hutton and asking that his firearms permit be revoked.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint are admitted.

69. The allegations contained in paragraph 69 of the Complaint are admitted.

70. The allegations contained in paragraph 70 of the Complaint are denied, except that it is admitted that OPM generally conducts investigations involving allegations of sexual harassment, as was done with respect to plaintiff's allegations.

71. The allegations contained in paragraph 71 of the Complaint are denied.

72. The allegations contained in paragraph 72 of the Complaint are denied.

73. The allegations contained in paragraph 73 of the Complaint are denied, except that it is admitted that plaintiff asked to be permitted to work at home.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. The allegations contained in paragraph 75 of the Complaint are denied, except that it is admitted that the plaintiff was on administrative leave until the date of her termination.

76. The allegations contained in paragraph 76 of the Complaint are denied, except that it is admitted that plaintiff had to pay her repatriation expenses.

77. The allegations contained in paragraph 77 of the Complaint are denied.

78. The allegations contained in paragraph 26 of the Complaint are admitted.

79. The allegations contained in paragraph 79 of the Complaint are admitted.

80. The allegations contained in paragraph 80 of the Complaint are denied.

### FIRST CLAIM FOR RELIEF:
### AGAINST THE COMMONWEALTH AND THE
### OFFICE OF THE ATTORNEY GENERAL:
### QUID PRO QUO SEXUAL HARASSMENT

81. CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 80 above as though fully set forth herein.

82. Paragraph 82 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 91 are denied.

83. The allegations contained in paragraph 83 of the Complaint are denied.

84. The allegations contained in paragraph 84 of the Complaint are denied.

85. The allegations contained in paragraph 85 of the Complaint are denied.

86. The allegations contained in paragraph 86 of the Complaint are denied.

87. The allegations contained in paragraph 87 of the Complaint are denied.

88. The allegations contained in paragraph 88 of the Complaint are denied.

### SECOND CLAIM FOR RELIEF
### AGAINST THE COMMONWEALTH AND THE
### OFFICE OF THE ATTORNEY GENERAL:
### UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

89. CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 88 above as though fully set forth herein.

90. Paragraph 90 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 90 are denied.

91. Paragraph 91 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 91 are denied.

92. Paragraph 92 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 92 are denied.

93. Paragraph 93 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 93 are denied.

94. Paragraph 94 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 94 are denied.

95. The allegations contained in paragraph 95 of the Complaint are denied.

**THIRD CLAIM FOR RELIEF AGAINST HUTTON, INDIVIDUALLY:
DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

96. CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 95 above as though fully set forth herein.

97. Paragraph 97 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 97 are denied.

98. Paragraph 98 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 98 are denied.

99. Paragraph 99 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 99 are denied.

100. The allegations contained in paragraph 100 of the Complaint are denied.

101. The allegations contained in paragraph 101 of the Complaint are denied.

102.   The allegations contained in paragraph 102 of the Complaint are denied.

103.   The allegations contained in paragraph 103 of the Complaint are denied.

**FOURTH CLAIM FOR RELIEF:**
**SUPPLEMENTAL STATE LAW CLAIM AGAINST THE COMMONWEALTH**
**AND THE OFFICE OF THE ATTORNEY GENERAL:**
**BREACH OF EMPLOYMENT CONTRACT**

104.   CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 103 above as though fully set forth herein.

105.   The allegations contained in paragraph 105 of the Complaint are denied, except the allegation that plaintiff was employed by the Attorney General pursuant to a written contract.

106.   The allegations contained in paragraph 106 of the Complaint are denied, except that it is admitted that the plaintiff's written contract provided for an annual salary of $50,400 and a housing allowance of $800 per month.

107.   The allegations contained in paragraph 107 of the Complaint are denied.

108.   The allegations contained in paragraph 108 of the Complaint are admitted.

109.   The allegations contained in paragraph 109 of the Complaint are denied.

110.   The allegations contained in paragraph 110 of the Complaint are denied.

111.   The allegations contained in paragraph 111 of the Complaint are denied.

112.   The allegations contained in paragraph 112 of the Complaint are denied.

113.   The allegations contained in paragraph 113 of the Complaint are denied.

114.   The allegations contained in paragraph 114 of the Complaint are denied.

115.   The allegations contained in paragraph 115 of the Complaint are denied.

116.   The allegations contained in paragraph 116 of the Complaint are denied.

117.   The allegations contained in paragraph 117 of the Complaint are denied.

118.   The allegations contained in paragraph 118 of the Complaint are denied.

## FIFTH CLAIM FOR RELIEF:
## SUPPLEMENTAL STATE LAW CLAIM AGAINST THE COMMONWEALTH AND THE OFFICE OF THE ATTORNEY GENERAL:
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

119. CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 118 above as though fully set forth herein.

120. Paragraph 120 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 120 are denied.

121. Paragraph 121 contains allegations of law and not a recitation of fact requiring a response. The statement of law in that paragraph is incomplete and inaccurate. To the extent a response is required, the allegations in paragraph 121 are denied.

122. The allegations contained in paragraph 122 of the Complaint are denied.

123. The allegations contained in paragraph 123 of the Complaint are denied.

124. The allegations contained in paragraph 124 of the Complaint are denied.

125. The allegations contained in paragraph 125 of the Complaint are denied.

## SIXTH CLAIM FOR RELIEF:
## SUPPLEMENTAL STATE LAW CLAIM AGAINST THE COMMONWEALTH AND THE OFFICE OF THE ATTORNEY GENERAL:
## UNLAWFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

126. CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 125 above as though fully set forth herein.

127. The allegations contained in paragraph 127 of the Complaint are denied.

128. The allegations contained in paragraph 128 of the Complaint are denied.

129. The allegations contained in paragraph 129 of the Complaint are denied.

130. The allegations contained in paragraph 130 of the Complaint are denied.

///

**SEVENTH CLAIM FOR RELIEF AGAINST HUTTON, INDIVIDUALLY:**
**SUPPLEMENTAL STATE LAW CLAIM**
**UNLAWFUL INTERFERENCE WITH CONTRACT**

131.  CNMI Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 130 above as though fully set forth herein.

132.  Except for the phrase "At all times material hereto,' which is not defined and therefore denied as being overly vague, the allegations in paragraph 132 the Complaint are admitted.

133.  The allegations contained in paragraph 133 of the Complaint are denied.

134.  The allegations contained in paragraph 134 of the Complaint are denied.

135.  The allegations contained in paragraph 135 of the Complaint are denied.

136.  The allegations contained in paragraph 136 of the Complaint are denied.

137.  The allegations contained in paragraph 137 of the Complaint are denied.

138.  Each and every other allegation in the Complaint not specifically addressed hereinabove are denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's state law claims against the Commonwealth of the Northern Mariana Islands and the Office of the Attorney General, set forth in the Fourth Claim For Relief – Breach of Employment Contract, the Fifth Claim For Relief – Breach of Covenant of Good Faith and Fair Dealing, and Sixth Claim For Relief – Unlawful Termination in Violation of Public Policy ("state law claims") are barred by the doctrine of sovereign immunity.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over the state law claims against the Commonwealth of the Northern Mariana Islands and the Office of the Attorney General, and those claims can only be brought, if at all, in the Superior Court of the Northern Mariana Islands.

///

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint alleges illegal conduct that was not alleged in the charge filed with the EEOC, and the allegations reasonably could not be expected to flow from any investigation by the EEOC. For this reason, Plaintiff failed to exhaust her administrative remedies under Title VII as required by 42 U.S.C. § 2000e-5(b) and (c).

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint alleges discriminatory acts and unlawful employment practices that occurred more than 180 days before the Plaintiff filed her charge with the EEOC on April 23, 2004 as required by 42 U.S.C. § 2000e-5(e), and falls outside of the statutory time period for filing charges under Title VII as set forth in 42 U.S.C. § 2000e-5(e), and Plaintiff's claims based on these alleged discriminatory acts and unlawful employment practices are, therefore, barred and not actionable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's suit is barred by laches. The length of time between the alleged unlawful employment practice and the filing of the complaint was unreasonable and unconscionable, and this delay by Plaintiff in filing the Complaint resulted in injury and prejudice to the Commonwealth and the Office of the Attorney General.

### SIXTH AFFIRMATIVE DEFENSE

The Commonwealth and the Office of the Attorney General exercised reasonable care to prevent and correct promptly any harassing behavior alleged in the Amended Complaint and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Commonwealth and the Office of the Attorney General to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

The awarding of punitive damages, pre-judgment interest and court costs against the

CNMI defendants are prohibited by 7 CMC § 2202(b), and plaintiff's claims for such awards are barred.

### EIGHTH AFFIRMATIVE DEFENSE

The Office of the Attorney General has had fewer than 200 employees in each of 20 or more calendar weeks in the current or preceding calendar year and Plaintiff's recovery of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages that may be awarded for violations of Title VII cannot exceed $100,000 pursuant to 42 U.S.C. § 1981a.

### NINTH AFFIRMATIVE DEFENSE

Even if Plaintiff proves a violation of Title VII as alleged in her Complaint, the Commonwealth and the Office of the Attorney General would have taken the same action in the absence of the impermissible motivating factor.

### TENTH AFFIRMATIVE DEFENSE

The Commonwealth and the Office of the Attorney General did not engage in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff and Plaintiff is, therefore, not entitled to punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived and released her claims under Title VII.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages under Title VII.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Fifth Claim For Relief – Breach of Covenant of Good Faith and Fair Dealing, and Sixth Claim For Relief – Unlawful Termination in Violation of Public Policy are barred by

1 | the discretionary function exception, 7 CMC § 2204(a).

## FOURTEENTH AFFIRMATIVE DEFENSE

Jurisdiction over the Fourth Claim For Relief – Breach of Employment Contract, the Fifth Claim For Relief – Breach of Covenant of Good Faith and Fair Dealing, and Sixth Claim For Relief – Unlawful Termination in Violation of Public Policy is exclusively vested in the Superior Court of the Commonwealth, 7 CMC § 2251.

## PRAYER FOR RELIEF

WHEREFORE, CNMI Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That CNMI Defendants be awarded their attorney's fees and costs incurred defending this action; and

3. That CNMI Defendants be awarded any other relief that the Court deems just and proper.

DATED: September 20, 2005.

CIVILLE & TANG

By: /s/ G. Patrick Civille
G. PATRICK CIVILLE
*Attorneys for Defendants*
*Commonwealth of the Northern Mariana*
*Islands and Office of the Attorney General*