```
                                                              F I L E D
                                                                 Clerk
                                                             District Court
1  CIVILLE & TANG
   2nd Floor, Cabrera Center                                 OCT 1 2 2005
2  PMB 86, P.O. Box 10003
   Saipan, MP 96950-8908                              For The Northern Mariana Islands
3  Telephone: (670 235-1725                           By_____
   Facsimile: (670) 235-1726                                     (Deputy Clerk)
4
   *Attorneys for Defendants*
5  *Commonwealth of the Northern Mariana Islands and*
   *Office of the Attorney General*
6
```

7
8           IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| 10  KAREN LINWOOD SEVERY, | CIVIL ACTION NO. 05-0020 |
| 11          Plaintiff, | |
| | **DEFENDANTS COMMONWEALTH** |
| 12          vs. | **AND OFFICE OF THE ATTORNEY** |
| | **GENERAL'S CASE MANAGEMENT** |
| 13  COMMONWEALTH OF THE NORTHERN | **STATEMENT** |
|     MARIANA ISLANDS, OFFICE OF | |
| 14  THE ATTORNEY GENERAL, | |
|     DAVID W. HUTTON, individually and in his | |
| 15  capacity as a supervisory employee of the | |
|     Office of the Attorney General and the | |
| 16  Commonwealth of the Northern Mariana | |
|     Islands; and DOES 1-10, inclusive, | |
| 17          Defendants. | |
| 18 | |

19

20      Defendants Commonwealth of the Northern Mariana Islands and Office of the Attorney

21  General (hereinafter collectively "CNMI Defendants") submit the following Case Management

22  Statement.

23      A.      In accordance with LR16.2CJ(e)(2):

24          1.      **Service of process on parties not yet served.** All parties have been

25  served and have appeared.

1

2. **Jurisdiction and Venue.** Plaintiff alleges both federal and state law claims. Federal Jurisdiction is claimed under 28 U.S.C. § 1331 and 42 U.S.C. § 2000. The CNMI Defendants admit that this Court has jurisdiction over the Count One (Quid Pro Quo Sexual Harrassment), Count Two (Unlawful Retaliation in Violation of 42 U.S.C. § 2000e-3(a) – against CNMI Defendants only) and Count III, (Deprivation of Civil Rights Pursuant to 42 U.S.C. § 1983 – against individual defendant Huttton only) as these counts plead federal law issues.

The CNMI Defendants deny that this Court has jurisdiction over the state law claims, which include Count Four (Breach of Employment Contract – against CNMI Defendants only), Count Five (Breach of the Covenant of Good Faith and Fair Dealing – against the CNMI Defendants only), Count Six (Unlawful Termination in Violation of Public Policy – against the CNMI Defendants only), and Count Seven Unlawful (Interference with Contract – against defendant Hutton only).

The CNMI Defendants deny that the Court has supplemental jurisdiction over the state law claims under to 28 U.S.C. § 1367.

The CNMI Defendants admit that venue over the federal law claims is appropriate under 28 U.S.C. § 1391(b).

3. **Anticipated motions**. The CNMI Defendants plan to file motions to dismiss the state law claims for lack of subject matter jurisdiction, for summary judgment or partial summary judgment, and a motion directed to the plaintiff's damage claim.

4. **Appropriateness of special procedures such as consolidation of actions for discovery or pretrial.** The CNMI Defendants do not have any specific suggestions regarding any special procedures.

5. **Modifications of the standard pretrial procedures specified by this

**Rule on account of the relative simplicity or complexity of the action or proceeding.** Depending on the which Track this case is assigned, some modifications of the standard pretrial procedures may be warranted. The discovery demands of this case fall most closely under the guidelines of the Complex Case Track. If the case is assigned instead to the standard track, modifications to the standard track discovery limitations will be required.

6. **Settlement prospects.** The Commonwealth is prepared to participate in good faith in settlement discussions, but the parties are very far apart on what might be a fair settlement and the prospects for settlement are unclear.

7. **Other matters which may be conducive to the just, efficient and economical determination of the proceedings, including the definition or limitation of issues.** The CNMI Defendants suggest that, if it becomes necessary to conduct depositions off island, that the parties be directed to use their best efforts to conduct all such depositions during a single trip, or at most during two trips.

8. <u>**Track assignment.**</u> In accordance with the criteria in L.R. 16.2CJ(c)(2)(c), the CNMI Defendants believe that this case is appropriate for assignment to the Complex Track for the following reasons:

   a. The Commonwealth is a defendant, and the claims asserted by the plaintiff raise several complicated issues relating to whether this Court can properly exercise supplemental jurisdiction over state law claims against the Commonwealth, the availability of relief against the Commonwealth and more specifically the types and extent of damages which may be awarded against the Commonwealth.

   b. Because there are a fairly large number of individuals who purportedly have information relevant to the claims, extensive discovery will be required. Each of the potential witnesses, a number of whom now live off island, need to be deposed. This will complicate discovery and increase the time needed to complete discovery.

1  Additionally, many of the witnesses are attorneys and this may make the scheduling of
2  depositions more difficult.
3         c.   Although the number of real parties in interest is less than five, this
4  number will increase to at least four if the plaintiff amends her complaint as she has indicated
5  she intends to do. Further, the fact that the Commonwealth is one of the real parties in interest
6  makes assignment to the complex track more appropriate.
7         d.   There are substantially more than ten fact witnesses. The parties
8  have not fully identified all the fact witnesses, but the Commonwealth believes there are
9  approximately twenty such witnesses.
10        e.   It is not clear at this early juncture whether this case will involve
11 expert witnesses. If it does, it will most likely be in the area of damages, although the plaintiff
12 may use experts on liability issues as well.
13        f.   Because of the large number of fact witnesses, it is expected that this
14 case will take more than ten days of trial to complete.
15        g.   This case is only moderately suitable for ADR.
16        h.   The plaintiff seeks compensatory and punitive damages against the
17 Commonwealth. The Commonwealth anticipates that the plaintiff may seek to establish its
18 damages claim through expert witnesses.
19   B.   In accordance with Fed. R. Civ. P 16(b), Federal suggests the following dates:
20        1.   **November 30, 2005** to join other parties or amend the pleadings;
21        2.   **April 30 2006**, deadline to complete fact discovery.
22             **March 30, 2006**, deadline for plaintiff to designate experts and produce
23 experts' reports pursuant to F.R.C.P. 26(a)(2).
24             **May 15, 2006**, deadline for defendants to designate rebuttal experts.
25             **June 15, 2006,** deadline for completion of expert discovery.

4

1   C. In accordance with Fed. R. Civ. P. 16(c), The CNMI Defendants suggest the
2   following dates and matters to facilitate the orderly and efficient progression of this lawsuit.
3     1. The issues will be clarified and simplified through motion practice.
4     2. All motions to add parties and claims or to amend parties shall be filed:
5   on or before **November 30, 2005.**
6     3. The CNMI Defendants believe that agreements can be reached between
7   the parties regarding authentication of documents to avoid unnecessary testimony over
8   authentication issues.
9     4. The discovery cut-off date (defined as the last day to file responses to
10  discovery) shall be: **April 30, 2006** for fact discovery and **June 15, 2006** for expert discovery.
11    5. The anticipated discovery motions are: The CNMI Defendants do not
12  anticipate any discovery disputes. All fact related discovery motions shall be filed on or before
13  **May 15, 2006**, and heard on or before **June 15, 2006.**
14    6. All dispositive motions shall be filed on or before **July 1, 2006**, and
15  heard on or before: **August 15, 2006**.
16    7. Trial materials, including trial briefs, statements to be offered at trial, and
17  pre-marked exhibits and other material required under LR16.2CJ (e)(7) shall be exchanged on
18  or before: **August 30, 2006**
19  ///
20  ///
21  ///
22  ///
23  ///
24
25

8. The Final Pretrial Conference shall be on: **September 21, 2006.**

9. Trial shall commence on: **October 16, 2006**, which is within 18 months of the filing of the complaint as required by a Complex Track designation.

DATED: October 11, 2005

**CIVILLE & TANG**

By: /s/ G. Patrick Civille
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Commonwealth of the Northern Mariana*
*Islands and Office of the Attorney General*